New York County.—Hon. D. G. ROLLINS, Surrogate.—May, 1885.

Matter of Russell.

*In the matter of the judicial settlement of the account of* Algernon S. Sullivan, *public administrator, as administrator of the estate of* John Russell, *deceased.*

A referee appointed by a Surrogate, pursuant to the authority conferred by Code Civ. Pro., § 2546, having, by the terms of that section, the same power "as a referee appointed by the Supreme Court for the trial of an issue of fact in an action," the procedure before him is governed by the provisions of General Rule of Practice 30, which

excepts testimony, taken upon the trial of the issues in an action, from its requirement that testimony taken before a referee shall be signed by the witness giving the same.

MOTION to compel witnesses to sign minutes of testimony given by them before referee, in proceedings for judicial settlement of administrator's account.

WM. B. TULLIS, *for the motion.*

RUFUS P. LIVERMORE, *opposed.*

THE SURROGATE.—With two exceptions, none of the numerous witnesses examined before the referee in these proceedings has signed his testimony. In advance of the argument of the pending motion for the confirmation of the referee's report, it is insisted, by one of the parties to this controversy, that no testimony ought to be considered by the Surrogate until it has been signed by the witness who gave it. Is this objection well founded?

The Surrogate's authority to direct a reference, under such circumstances as appear in the case at bar, is derived from § 2546 of the Code of Civil Procedure. That section provides that, " in a special proceeding, other than one instituted for probate or revocation of probate of a will, the Surrogate may, in his discretion, appoint a referee to take and report the evidence upon the facts, or upon a specific question of fact; to examine an account rendered, to hear and determine all questions arising upon the settlement of such an account, which the Surrogate has power to determine ; and to make a report thereon, subject, however, to a confirmation by the Surrogate. *Such a referee* (that is, any referee authorized to be

appointed by § 2546) has the same power," says the Code, " as a referee appointed by the Supreme Court, for the trial of an issue of fact in an action; and the provisions of this act, applicable to a reference by the Supreme Court, apply to a reference made as prescribed in this section, so far as they can be applied in substance, without regard to the form of the proceeding."

Now, what are the *" powers of a referee appointed by the Supreme Court for the trial of an issue of fact in an action,"* and what is the course of procedure before such a referee, so far as concerns this question of the signing of testimony ? Rule 30 of the General Rules of Practice gives the answer to these questions. From its requirement that testimony taken before a referee shall be signed, testimony so taken *upon the trial of the issues in an action* is expressly excepted.

It follows that testimony taken in references ordered by the Surrogate under § 2546 falls within the same exception, and that it does not, therefore, need to be signed.